UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SPENCER HEYSEK,**
    **Plaintiff,**

-vs-                                  **CASE NO.:**

**APIARY INVESTMENT FUND, L.L.C.,**
    **Defendant.**
_____/

## COMPLAINT

Plaintiff, SPENCER HEYSEK, by and through his undersigned counsel, sues the Defendant, APIARY INVESTMENT FUND, L.L.C., and in support thereof respectfully alleges the following:

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

2. The TCPA was enacted to prevent companies like Apiary Investment Fund, L.L.C. ("Apiary") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.   According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.   This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.   Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.   Venue is proper in this District because the Plaintiff resides in this District (Hillsborough County), the phone calls were received in this District, and the Defendant transacts business in Hillsborough County, Florida.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person and citizen of the State of Florida residing in Hillsborough County, Florida.

11. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

12. Defendant, Apiary Investment Fund, LLC, is a corporation which was formed in Utah with its principal place of business at 383 W Lakeview Rd, Lindon, UT 84042, whose registered agent is Shawn Lucas, 265 N 20 W, Pleasant Grove, UT 84062.

13. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Hillsborough County, Florida, by the Defendant's placing of illegal calls to Hillsborough County, Florida.

14. Defendant, at all material times, was attempting to solicit business from the Plaintiff through a campaign of robo-calls.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number multiple times per day from approximately January 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass.

16. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). The Defendant also left pre-recorded voicemail messages on the Plaintiff's cellular telephone.

17. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number was done so without the prior express consent of the Plaintiff.

18. Plaintiff is the regular user and carrier of the cellular telephone number, 813-***-5754, and was the called party and recipient of Defendant's autodialer calls.

19. The autodialer calls from Defendant came from telephone numbers including but not limited to 917-639-5320, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to "Apiary Fund."

20. Plaintiff estimates approximately thirty (30) calls and over twenty (20) prerecorded messages from Defendant to his cell phone without his prior express consent in violation of the TCPA.

21. Despite actual knowledge of their wrongdoing, the Defendant has continued the campaign of autodialer calls to Plaintiff.

22. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have not provided consent to be called.

23. Defendant knowingly employed a method of reaching prospective clients that includes placing autodialed telephone calls to the cellular telephones of individuals like the Plaintiff without their prior express consent.

## COUNT I
### (Violation of the TCPA)

24. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-three (23) above as if fully stated herein.

25. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. Defendant violated the TCPA with respect to all of its autodialer calls made to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

27. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that it had the wrong number and to stop calling.

28. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Apiary Investment Fund, LLC, for statutory damages, actual damages, treble damages, punitive damages, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
FKerney@forthepeople.com
JKneeland@forthepeople.com
Attorney for Plaintiff